UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERNON G. ELKINS, III, et al,<br><br>    Plaintiff,<br><br>v.<br><br>SUSAN DREYFUS,<br><br>    Defendant. | CASE NO. C10-1366 MJP<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR FEES AND COSTS |

This matter comes before the Court on Plaintiffs' motion for attorneys' fees and costs. (Dkt. No. 103.) Having reviewed the motion, the opposition (Dkt. No. 111), the reply (Dkt. No. 113), and all related papers, the Court GRANTS in part the motion. The Court finds the proper and reasonable award of attorneys' fees to be $113,683.50 and the reasonable costs to be $740.38.

**Background**

Plaintiffs brought this case to stop the Department of Social and Health Services ("DSHS") from terminating benefits to those receiving public assistance through the Disability Lifeline ("DL") program. They pursued two claims: (1) that the DSHS violated Due Process by

1 | failing to provide adequate notice before terminating persons from the DL program, and (2) that
2 | the DSHS's pre-termination "case review" violated state law. Despite several missteps along the
3 | way, Plaintiffs obtained a temporary restraining order and, ultimately, a permanent injunction
4 | barring DSHS from terminating DL benefits absent adequate pre-termination notice. Plaintiffs
5 | were not successful in pursing their second claim under state law, which the Court found to be
6 | barred by the Eleventh Amendment. (Dkt. No. 74 at 4.) The Court also denied Plaintiffs' first
7 | motion for attorneys' fees filed before they moved for summary judgment and entry of a
8 | permanent injunction. (Dkt. No. 75.) The Court held that Plaintiffs were not the prevailing party
9 | at that time. (Id.) Plaintiffs' then filed a successful motion for summary judgment on the Due
10 | Process claim and obtained a permanent injunction in their favor. (Dkt. No. 99.)

For the second time, Plaintiffs move pursuant to 42 U.S.C. § 1988 to obtain an award of reasonable attorneys' fees and costs. The parties do not dispute that Plaintiffs are the prevailing party pursuant to 42 U.S.C. § 1983. Plaintiffs ask the Court to award attorneys' fees in the amount of $127,702 and costs in the amount of $740.38. Though Defendant does not challenge the costs requested, she does object to the fees. She argues that Plaintiffs have not justified the number of hours billed or the hourly rates charged. Defendant also asks the Court to exclude time spent on certain tasks that were purportedly unnecessary, redundant, or excessive. The Court agrees in part with Defendant's position, but largely affirms the fee request.

**Analysis**

A.  Standard

In determining a reasonable award of fees under § 1988, the Court generally performs a lodestar calculation by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. See Morales v. City of San Rafael, 96

F.3d 359, 363 (9th Cir. 1996). The reasonable hourly rate is determined with reference to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community. See Blum v. Stetson, 465 U.S. 886, 895 (1984). In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed. Hensley v. Eckerhart 461 U.S. 424, 434 (1983) ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."). The lodestar is presumptively reasonable and the presumption is a "strong" one. Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1673 (2010) (quotation omitted).

After calculating the lodestar, the Court is directed to consult twelve factors to assess whether it is necessary to adjust the presumptively reasonable lodestar figure. Id. The twelve factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Morales, 96 F.3d at 363 n.8 (quoting Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975)). The Court need not revisit those factors already subsumed in the determination of the lodestar, which generally includes factors 1, 3, 5, 8, and 9 set out above. See id. at 364 n.9.

\\

\\

B.   Hourly Rate

Plaintiffs request rates as follows: (1) Charles Sirianni $225 per hour; (2) Eleanor Hamburger $350 per hour; (3) Stephen Sirianni $450 per hour; and (4) Richard Spoonemore $395 per hour.  Defendant argues that any award based on an hourly rate over $350 is unreasonable.  The Court finds that only one of the rates requested is too high.

Plaintiffs have failed to support their argument that the hourly rate charged by Stephen Sirianni is reasonable.  They have shown that Mr. Spoonemore has been awarded fees charged at a rate of $395 per hour, and that the rate is reasonable.  (Dkt. No. 70 at 11.)  Absent, however, is any affidavit or other evidence in the record suggesting that the rate billed by Mr. S. Sirianni at $450 an hour is reasonable.  Given that Mr. Spoonemore and Mr. S. Sirianni are named partners in the same firm, the Court finds that Mr. S. Sirianni's reasonable rate should be in line with Mr. Spoonemore's.  Based on the record Plaintiffs have created, the Court finds that Mr. S. Sirianni's rate can only be found to be reasonable at $395 per hour.

The Court finds that Ms. Hamburger's requested hourly rate is reasonable in the amount of $350 per hour.  Plaintiffs support their request with an affidavit from Michael Madden, a lawyer with Columbia Legal Services, testifying to the fact that $350 per hour is a reasonable rate for Ms. Hamburger.  The documents submitted also show that in December, 2009, Ms. Hamburger was awarded fees at a rate of $300 per hour in a similar case.  (Dkt. No. 111 at 25.)  Defendant does not challenge the rate requested by Mr. C. Sirianni and the Court finds it reasonable.  The Court thus finds the following rates proper: (1) $395 per hour for Mr. Spoonemore and Mr. S. Sirianni; (2) $350 per hour for Ms. Hamburger; and (3) $225 per hour for Mr. C. Sirianni.

\\

C.      Reasonable Hours

Based on its review of the billing records and the objections Defendant raises, the Court largely affirms the number of hours billed as reasonable. The Court adjusts downward the time billed on work that was: (1) improperly billed; (2) duplicative; (3) spent on claims barred by the Eleventh Amendment, and (4) excessive. The Court otherwise rejects Defendant's attacks to hours billed for communication with legal advocates and work that was "unsuccessful."

Improperly billed time

In reviewing the billing records, the Court found two improper entries. First, Mr. C. Sirianni billed 5.8 hours on August 26, 2010 to "revise and finalize temporary restraining order and declarations." (Dkt. No. 104-1 at 3.) However, the motion for the TRO and supporting documents were filed the day before. (Dkt. Nos. 3-10.) The entry is improper and the Court excludes this improperly billed time. Second, Mr. Spoonemore billed .7 hours on August 26, 2010 to "review complaint and motion papers; edit and comment on brief," where the only brief on which work was billed was the TRO filed the day before. No other motion was pending on which Mr. Spoonemore could reasonably have been working. It also appears that the review of the complaint and motion papers was done in conjunction with the TRO motion. The time entry is not segregated and appears to be related entirely to the TRO motion that was filed the day before this work was performed. The Court excludes the entire .7 hours as improperly billed.

Duplicative time spent on motions for attorneys' fees

The Court excludes as duplicative the work Plaintiffs performed on the first unsuccessful motion for attorneys' fees. Plaintiffs' counsel billed 11.3 hours to preparing the first motion for attorneys' fees that was filed on March 10, 2011. (Dkt. No. 104-1 at 8-10.) The motion was denied because Plaintiffs were not the prevailing party at that time. Plaintiffs then billed another

16.8 hours working up the second motion for attorneys' fees. (Id. at 12-3; Dkt. No. 112 at 9.) The Court excludes the duplicative time spent on the first motion, particularly because it was unsuccessful.

Time spent on claims barred by sovereign immunity

Defendant reasonably requests the Court exclude the time Plaintiffs spent on their "case review" claim that was dismissed on sovereign immunity grounds. Defendant claims that awarding fees for work spent on claims barred by sovereign immunity should not be compensated under 42 U.S.C. § 1988. (See Dkt. No. 11 at 7 (citing Slugoki v. United States, 816 F.2d 1572, 1579 (Fed. Cir. 1987)).) The Court agrees with Defendant that this time is not properly recovered as part of a fee award under § 1988. Yet, the Court also agrees with Plaintiffs that work spent on the "case review" claim was largely intertwined with their successful Due Process claim and cannot be segregated out. Defendant's request highlights this fact, given that Defendant simply requests the Court reduce the hours by an unspecified percentage. Defendant's argument is unpersuasive and too vague a basis on which to reduce the hours billed. Defendant only specifically identifies the time Plaintiffs spent responding to a motion to dismiss and filing a motion to amend as related to the "case review" claim. The Court finds it proper to exclude this time, as it was clearly spent on claims barred by the Eleventh Amendment. The Court thus excludes 6 hours Mr. C. Sirianni spent and .5 hours Ms. Hamburger spent on the motion to dismiss and motion to amend. (Dkt. No. 104-1 at 9.)

Excessive hours billed for the TRO hearings

Defendant asks the Court to reduce the hours Plaintiffs spent at the TRO hearings and by Mr. C. Sirianni for his preparation for the second TRO hearing. The Court largely agrees.

The Court reduces the number of hours billed for appearances at the first TRO hearing. The Court does not find it reasonable to compensate four attorneys to attend a hearing where only two of the attorneys made formal appearances. (Dkt. No. 20.) The Court will not award fees for Mr. S. Sirianni and Mr. Spoonemore, whose attendance was unnecessary to the hearing. Ms. Hamburger's billing records show that 1.4 hours is the proper number of hours to exclude as to these two attorneys. The Court disagrees with Defendant that the hours spent by Ms. Hamburger and Mr. C. Sirianni at the second TRO hearing itself were excessive. Those hours will not be reduced.

The Court finds that the time Mr. C. Sirianni spent preparing for the second TRO hearing was unreasonable and excessive. A review of the billing records shows that Mr. C. Sirianni spent 36.8 hours preparing for the brief argument that largely built on the first TRO hearing. Defendant makes a reasonable point that Ms. Hamburger did most of the written work and could have been prepared with much less time. The Court finds that no more than 10 hours should have been necessary to be prepared for an argument that Plaintiffs had already made. The Court therefore reduces Mr. C. Sirianni's hours by 26.8 hours on the basis that it was excessive.

Time spent on "unsuccessful" work

Defendant argues that the motion for summary judgment included requests for relief beyond the scope of this case and that the time spent on such arguments should be reduced. This is an overly narrow view of what is "unnecessary" work. In awarding a fee request, the Court is to exclude time that is excessive, redundant, or otherwise unnecessary. Hensley, 461 U.S. at 434. Here, the work Plaintiffs did on seeking a permanent injunction was productive, even if some of the arguments were overreaching. The time spent was not excessive and will not be reduced.

1   Defendant also requests exclusion of all time spent prior to entry of the TRO. This is not
a reasonable request. Although the first TRO was unsuccessful, it is not clear that the early
efforts were fruitless or excessive. The time will be included.

Communication with legal advocates

Defendant asks the Court to reduce from the fee award any time spent working on legislative activities or time counsel spent communicating to "advocates." The Court rejects this request. As explained in a similar case, time spent working with advocates or advocating for legislation tied to the same issues pending in a lawsuit are compensable. Ryan v. Dreyfus, No. C09-0908 RAJ, 2010 WL 1692057, at *2 (W.D. Wash. Apr. 26, 2010). Here, the communications with legal advocates was related to this case and was used to avoid the costs of engaging in formal discovery. The Court finds this time was spent in a reasonable manner to further Plaintiffs' successful claim. It will be included in the lodestar.

D.  Total Lodestar

In summary, the Court subtracts from the lodestar the following hours: (1) 42.1 hours from Mr. C. Sirianni's request; (2) 8.3 hours from Ms. Hamburger's request; (3) 1.4 hours from Mr. S. Sirianni's request; and (4) 2.1 hours from Mr. Spoonemore's request. Based on the reasonable hourly rates, the Court calculates the lodestar as follows:

| Name | Hours | Rate | Total |
| --- | --- | --- | --- |
| Charles Sirianni | 103.7 | $225 | $23,332.50 |
| Eleanor Hamburger | 243.7 | $350 | $85,295 |
| Stephen Sirianni | 3.3 | $395 | $1,303.50 |
| Richard Spoonemore | 9.5 | $395 | $3,752.50 |
|  |  | **Grand Total** | $113,683.50 |

ORDER GRANTING IN PART PLAINTIFFS'
MOTION FOR FEES AND COSTS- 8

E.       Adjustment of Lodestar

Defendant has not articulated any reason to adjust downward the lodestar and Plaintiffs do not ask for a modifier. The Court briefly reviews the twelve Kerr factors, which confirm the reasonableness of the lodestar.

The twelve Kerr factors unaddressed so far are: (1) the novelty and difficulty of the questions involved, (2) the preclusion of other employment by the attorney due to acceptance of the case, (3) whether the fee is fixed or contingent, (4) time limitations imposed by the client or the circumstances, (5) the amount involved and the results obtained, (6) the "undesirability" of the case, (7) the nature and length of the professional relationship with the client, and (8) awards in similar cases. Kerr, 526 F.2d at 70.

The remaining Kerr factors confirm the propriety of the lodestar of $113,683.50. First, the case required counsel to be well-versed in Due Process precedent and to understand the complicated state regulatory scheme at issue. Though not exceedingly complex, the case was far from routine. Second, there is no evidence that this work precluded counsel from other opportunities, though the time spent surely required counsel to divert attention from other matters. Third, counsel appears to have worked on a contingent basis, which favors some award of fees. Fourth, there is nothing in the record suggesting there were time limitations based on the clients' needs, though the TRO required fast action. Fifth, the amount involved is not entirely clear. Plaintiffs state that the benefits at issue were valued at more than $6 million, but there is nothing in the record supporting this figure. Even if the Court assumes the benefits were substantially less, they still confirm that the fee award is a small percentage of the overall amount at issue. This confirms its reasonableness. Sixth, the case is relatively "undesirable," as the clients are by and large of limited means and cannot pay for the legal services rendered.

Seventh, the nature of the relationship seems to be one where counsel acted out of a desire to help those in need, rather than to earn a large contingency fee. Lastly, the awards in two similar case litigated in this District—one over $280,000, and another over $92,000—confirm the reasonableness of the present award. See Ryan, 2010 WL 1692057, at *1; (Dkt. No. 70 at 11-12.)

The twelve factors confirm the reasonableness of the Court's lodestar calculation.

**Conclusion**

The Court GRANTS Plaintiffs' motion in part. With certain reductions in the hourly rates and the exclusion of time spent on redundant, duplicative, or excessive tasks or on claims barred by the Eleventh Amendment, the Court finds an award of $113,683.50 to be proper. The Court finds that costs should be awarded in the amount of $740.38.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 1st day of December, 2011.

Marsha J. Pechman
United States District Judge